IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JONATHAN RUSSO,** | : | CIVIL ACTION NO. 1:25-CV-503 |
| **Plaintiff** | : | (Judge Neary) |
| v. | : | |
| **KATHY HILEMAN,** *et al.*, | : | |
| **Defendants** | : | |

# **ORDER**

AND NOW, this 31st day of July, 2025, upon review of plaintiff's application for leave to proceed *in forma pauperis*, and further upon review of the complaint pursuant to 28 U.S.C. § 1915(e)(2) and 28 U.S.C. § 1915A, and for the reasons set forth in the accompanying memorandum, it is hereby ORDERED that:

1. Plaintiff's application for leave to proceed *in forma pauperis* (Doc. 2) is GRANTED.

2. Plaintiff shall pay the full filing fee of $350.00 based on the financial information provided in the application to proceed *in forma pauperis*. The full filing fee shall be paid regardless of the outcome of the litigation. Pursuant to 28 U.S.C. 1915(b)(1) and (2), the Superintendent/Warden, or other appropriate official at plaintiff's place of confinement, is directed to deduct an initial partial filing fee of 20% or the greater of:

   a. The average monthly deposits in the inmate's prison account for the past six months, or

   b. The average monthly balance in the inmate's prison account for the past six months.

   The initial partial filing fee shall be forwarded to the Clerk of the United States District Court for the Middle District of Pennsylvania, P.O. Box 1148, 235 N. Washington Avenue, Scranton, Pennsylvania, 18501-1148, to be credited to the above-captioned docket number. In each succeeding month, when the amount in plaintiff's inmate trust

        fund account exceeds $10.00, the Superintendent/Warden, or other appropriate official, shall forward payments to the Clerk of Court equaling 20% of the preceding month's income credited to plaintiff's inmate trust fund account until the fees are paid. Each payment shall reference the above-captioned docket number.

3. The Clerk of Court is DIRECTED to send a copy of this order to the Superintendent/Warden of the institution where plaintiff is presently confined.

4. Plaintiff's complaint (Doc. 1) is DISMISSED except to the extent it alleges excessive force, assault, and battery by defendant Vandergrift.

5. On or before **August 31, 2025**, plaintiff may file an amended complaint to cure the pleading deficiencies identified with respect to plaintiff's claim of excessive force against defendants Murkison and Livingston and his claim that other defendants were personally involved in defendant Vandergrift's alleged excessive force. Any amended complaint filed pursuant to this order shall be filed to the same docket number as the instant action, shall be entitled "Amended Complaint," and shall be complete in all respects. It shall be a new pleading that stands by itself as an adequate complaint under the Federal Rules of Civil Procedure.

6. Plaintiff's due process claim against defendant Reisinger is DISMISSED without further leave to amend.

7. If plaintiff fails to file an amended complaint as stated in Paragraph 5, the instant case shall proceed solely as to plaintiff's excessive force, assault, and battery claims against defendant Vandergrift, and all other remaining claims and defendants in the case shall be dismissed without further leave to amend.

8. Service of process on defendant Vandergrift is deferred pending the possible filing of an amended complaint. If no amended complaint is filed by the above deadline, the court will direct the Clerk of Court to serve defendant Vandergrift with plaintiff's original complaint.

2

9. The Clerk of Court is directed to open three separate civil cases as follows:

   A. Plaintiff's claims arising from allegedly cold temperatures in his cell are severed into a separate lawsuit. This case shall be captioned as *Jonathan Russo v. Kathy Hileman*.

   B. Plaintiff's claims arising from allegations that he ingested metal in his food are severed into a second separate lawsuit. This case shall be captioned as *Jonathan Russo v. Perez*.

   C. Plaintiff's claims related to his PREA complaint against defendant Knott are severed into a third separate lawsuit. This case shall be captioned as *Jonathan Russo v. Knott*.

10. With respect to each of the three new civil cases identified in Paragraph 9, the Clerk of Court shall docket this order as Doc. 1 in the new case. No complaint shall be docketed in the case at this time.

11. Within thirty (30) days of the date of this order, plaintiff shall file an amended complaint in each new case, which shall be limited to the claims relevant to that case as discussed in this order and the accompanying memorandum. If plaintiff fails to file an amended complaint in the new case, the case shall be dismissed without prejudice.

12. Plaintiff shall additionally be required to pay the requisite filing fee or move for leave to proceed *in forma pauperis* in each of the new cases. The Clerk of Court is directed to issue a 30-day administrative order in each of the new cases upon the filing of the case to clarify this requirement. If plaintiff fails to comply with the 30-day administrative order by paying the requisite filing fee or moving for leave to proceed *in forma pauperis*, the case shall be dismissed without prejudice.

13. All other claims in the case are DISMISSED as misjoined in violation of Federal Rule of Civil Procedure 20 without prejudice to plaintiff's right to refile the claims in new lawsuits.

/S/ KELI M. NEARY
Keli M. Neary
United States District Judge
Middle District of Pennsylvania

3